**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TARLOCHAN SANDHU, et al.,

        Plaintiffs - Appellants,

  v.

THERESA TAYLOR, et al.,

        Defendants - Appellees.

No. 25-841

D.C. No.
3:24-cv-07201-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler Magistrate Judge, Presiding

Submitted November 19, 2025[**]
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.

Appellants are retired public employees and two municipal entities that challenge the district court's dismissal of their § 1983 action against the California Public Employees' Retirement System ("CalPERS"). They allege that CalPERS

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated the Fourteenth Amendment right to due process, the Eighth Amendment prohibition against excessive fines, and Article I, §§ 7(a) and 17 of the California Constitution by terminating pensions and seeking restitution after determining that the retirees unlawfully worked full-time post-retirement. The district court abstained under *Younger v. Harris*, 401 U.S. 37 (1971). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court correctly applied *Younger* abstention. Federal courts must refrain from enjoining ongoing state proceedings that: (1) "constitute an ongoing state judicial proceeding"; (2) "implicate important state interests"; and (3) possess "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Additionally, a fourth factor should be considered: whether there would be "interference with [the ongoing] state proceedings" by the federal court that has the real or practical effect of enjoining the proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 976–78 (9th Cir. 2004) (en banc). All these factors are met here.

First, CalPERS's enforcement actions are ongoing state judicial proceedings. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79–80 (2013) (noting that ongoing state proceedings that are "criminal in character" are within the scope of *Younger*). CalPERS initiates investigations, issues determination letters, holds evidentiary

2                                                                                  25-841

hearings before administrative law judges, and imposes penalties including benefit termination and restitution.  In this case, the retirees filed a second round of administrative appeals with CalPERS on October 14, 2024, which remain pending. These ongoing and formal, adversarial proceedings are quasi-criminal in nature and subject to judicial review under California Civil Procedure Code § 1094.5, bringing them within the scope of *Younger*'s first requirement.  *Ohio Civil Rights Comm'n v. Dayton Christian Schs.*, 477 U.S. 619, 627 (1986) ("We have also applied [*Younger*] to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim.").

Second, the proceedings implicate California's important interest in regulating and protecting the fiscal integrity of its public pension and retirement system. *See Trainor v. Hernandez*, 431 U.S. 434, 444 (1977) (applying *Younger* to a civil action to collect wrongfully received welfare payments); *Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 712–13 (9th Cir. 1995) (applying *Younger* to state bar proceedings).  Third, Appellants have an adequate opportunity to raise their federal constitutional claims.  Although CalPERS and its Administrative Law Judges ("ALJs") cannot themselves decide constitutional questions, Cal. Const. art. III, § 3.5(c), that limitation does not make the process inadequate for *Younger*

purposes. *Dayton Christian Schs.*, 477 U.S. at 629 ("[I]t is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding."); *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1296 (9th Cir. 1998). Appellants had the opportunity to and indeed did raise constitutional challenges before the ALJ to preserve them for judicial review, which continues to remain available in state court.

Appellants' arguments that CalPERS is inherently biased, has a monetary interest in the outcome, or that the process is otherwise futile are unsupported. *See Withrow v. Larkin*, 421 U.S. 35, 47–55 (1975) ("The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry."). Their reliance on *Meredith v. Oregon*, 321 F.3d 807, 818-20 (9th Cir. 2003), and *Adibi v. Cal. State Bd. of Pharmacy*, 393 F. Supp. 2d 999, 1009-10 (N.D. Cal. 2005), as support for injunctive relief is also misplaced. Those cases involved imminent and arguably irreparable deprivations of unique property interests without any meaningful opportunity for judicial review. Here, by contrast, CalPERS's determinations remain under administrative review, and Appellants can seek state court review of any temporary monetary deprivation of their pension payments.

Finally, the requested federal relief, an injunction halting CalPERS's

4                                                                25-841

enforcement and repayment orders, would directly interfere with the ongoing administrative proceedings and any subsequent state-court review. *Gilbertson*, 381 F.3d at 979–80 (finding under the facts of the case that "a determination that the federal plaintiff's constitutional rights were violated would be just as intrusive as a declaratory judgment"). Additionally, any temporary monetary losses Appellants suffered may be recouped following a favorable judgment in the ongoing administrative proceedings or in state court. Because all *Younger* criteria are met and no exception applies, abstention was proper under these circumstances.

**AFFIRMED.**[1]

---

[1] We also grant the unopposed portions of the pending Motions for Judicial Notice but deny the Motions insofar as they request that we take judicial notice of any conclusions contained within them.